958 F.2d 361
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Julio Alexander ZARATE-ROJAS, Defendant, Appellant.
 No. 90-2173.
 United States Court of Appeals,
First Circuit.
 March 23, 1992
 
 Jose A. Fuentes-Agostini for appellant.
 Jeanette Mercado-Rios, Assistant United States Attorney, with whom Daniel F. Lopez Romo, United States Attorney, was on brief for appellee.
 Before Torruella, Circuit Judge, Coffin, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Defendant Julio Alexander Zarate-Rojas was convicted for possession with intent to distribute cocaine, importing the drug into the United States, and possessing on an aircraft cocaine that is not listed on a cargo manifest or official supply list, in violation of 21 U.S.C. §§ 841(a)(1), 952(a), and 955. His only challenge on appeal is to the sufficiency of the evidence.
 
 
 2
 The salient evidence is the following. A suitcase arriving on a flight from Bogota, Colombia and containing a substantial amount of cocaine bore a tag with the name "Agostinjo" on one side and the name "Zarate" on the other. No person named Agostinjo was a passenger on the aircraft. The name tag also bore an airline control number (125) assigned when the baggage was checked in Bogota. The number had been issued to a passenger named Alexander Zarate. Defendant's ticket and boarding pass bore the same control number that was found on the suitcase. No cocaine was listed on the cargo manifest.
 
 
 3
 At the close of the government's case, defendant made a motion under Fed. R. Crim. P. 29(a) for a judgment of acquittal. Thereafter, defendant called one witness. After cross examination, the defendant rested without renewing his motion for acquittal. This means that, as we said in United States v. Clotida, 892 F.2d 1098, 1102-03 (1st Cir. 1989), defendant can prevail only if "it would be a 'gross' or 'manifest injustice' to sustain the conviction." The evidence we have cited would be sufficient to support the verdicts even if a challenge had been preserved, and clearly does not permit us to find any gross or manifest injustice.
 
 
 4
 Affirmed.